IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GALLOWAY,<br>JENNY GALLOWAY, and<br>DAVID GALLOWAY, as Administrator<br>of the Estate of CHRISTI GALLOWAY,<br>Deceased,<br><br>        Plaintiffs,<br><br>   vs.<br><br>RAND PHARMACY, INC., an Illinois<br>corporation, f/k/a/ ROOTS PHARMACY<br>SOLUTIONS, INC.; KYLE ROOTSAERT;<br>BETA PROPERTY ENTERPRISES,<br>INC., a Pennsylvania corporation, d/b/a<br>KRESGE-LEBAR PHARMACY;<br>RUDY BYRON, M.D.; ELIAS<br>KARKALAS, M.D.; UPPER MERION<br>FAMILY PRACTICE, P.C., a<br>Pennsylvania corporation;<br>EUROMEDONLINE LIMITED, a United<br>Kingdom Company; MANAMA<br>INTERNATIONAL LIMITED, a foreign<br>company; and NEXTDAYSOMA.COM,<br>an unincorporated Florida company,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFFS DEMAND**<br>**A JURY TRIAL**<br><br><br><br><br><br><br>No.: |

## COMPLAINT AT LAW

### JURISDICTION

1.      That on the 18th day of May 2009, the decedent, Christi Galloway, was a citizen of the state of Georgia.

2.      That on the 18th day of May 2009, and at all material times herein, the plaintiffs, David Galloway and Jenny Galloway, were citizens of the state of Georgia.

3.      That on the 18th day of May 2009, and at all material times herein, the defendant, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., was a corporation incorporated under the laws of the state of Illinois with its principal place of business in Illinois, and is a citizen of the state of Illinois.

4.      That on the 18th day of May 2009, and at all materials times herein, the defendant, Kyle Rootsaert, was a citizen of the state of Utah.

5.      That on the 18th day of May 2009, and at all material times herein, the defendant, Rudy Byron, M.D., was a citizen of the state of Wisconsin.

6.      That on the 18th day of May 2009, and at all material times herein, the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, was a corporation incorporated under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania, and was a citizen of the state of Pennsylvania.

7.      That on the 18th day of May 2009, and at all material times herein, the defendant, Elias Karkalas, M.D., was a citizen of the state of Pennsylvania.

8.      That on the 18th day of May 2009, the defendant, Upper Merion Family Practice, P.C., was a corporation incorporated under the laws of the state of Pennsylvania with its principal place of business in Pennsylvania, and is a citizen of the state of Pennsylvania.

9.      That on the 18th day of May 2009, the defendant, Euromedonline Limited, was a private limited company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.

10.     Manama International Limited is a foreign company organized under the laws of the Federation of Saint Kitts and Nevis with its principal place of business in the United States in the state of Florida.

11.     NextDaySoma.com is an unincorporated Florida company with its principal place of business in the state of Florida.

12.     That there is complete diversity of citizenship between plaintiffs and all defendants pursuant to 28 U.S.C. §1332.

13.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs, and satisfies the amount in controversy as set forth in 28 U.S.C. §1332.

## COUNT I

### PROFESSIONAL MALPRACTICE—WRONGFUL DEATH
### RAND PHARMACY, INC., f/k/a ROOTS PHARMACY
### SOLUTIONS, INC., and KYLE ROOTSAERT

NOW COME the Plaintiffs, David Galloway and Jenny Galloway, and complaining of the Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, states as follows:

1.     That in April and May of 2009, and prior thereto and at all times material herein, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, owned and operated a pharmacy that filled prescriptions and dispensed prescription drugs from a facility located at 900 Rand Road in the city of Des Plaines, county of Cook, state of Illinois.

2.     That on or about the 24th day of April 2009, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of

them, filled a prescription for 90 tablets of 350 mg Carisoprodol, a/ka Soma, issued by co-defendant, Rudy Byron, M.D., to the decedent, Christi Galloway.

3.    That on or about the 24th day of April 2009, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, shipped the aforesaid Carisoprodol, a Georgia controlled substance (O. C. G. A. 16-13-28), to the decedent, Christi Galloway, in the state of Georgia.

4.    That at all relevant times herein, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, had a duty to exercise due care and caution in dispensing prescription drugs to the patient, Christi Galloway, consistent with accepted pharmacy standards.

5.    This action is one for wrongful death in which the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, have failed to exercise that degree and standard of care exercised by their profession which has caused injury and death to the decedent from want of such care and skill.  As required by O. C. G. A. 9-11-9.1, attached hereto as Exhibit B is an Affidavit which sets forth at least one negligent act or omission claimed to exist and the factual basis for such.

6.    That on or shortly before the 24th day of April 2009, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, by and through their duly authorized agents, servants and employees, were guilty of one or more of the following negligent acts and/or omissions:

> (a)    dispensed and shipped Carisoprodol to decedent in Georgia, despite being neither registered nor licensed in the state of Georgia, in violation of

National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(b)     dispensed and shipped Carisoprodol to decedent in Georgia based solely on an online prescription issued by co-defendant, Rudy Byron, M.D., who is neither licensed in Georgia nor has had a face-to-face physical examination of the patient, Christi Galloway, in violation of National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(c)     dispensed and shipped Carisoprodol to decedent in Georgia without receipt of a valid prescription, in violation of National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(d)     dispensed and shipped Carisoprodol to decedent in Georgia despite failing to be registered or licensed in Georgia in violation of National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(e)     dispensed and shipped Carisoprodol to decedent in Georgia when they knew it was not pursuant to a valid prescription, in violation of 21 U.S.C. 331(a), (b) and (k) and 21 U.S.C. 353(b)(1); and

(f)     failed to verify that the physician issuing the prescription to the patient in Georgia was licensed in Georgia.

7.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, the decedent, Christi Galloway, consumed Carisoprodol that proximately contributed to cause her death from multiple drug toxicity on May 18, 2009.

8.     That at the time of her death, Christi Galloway died intestate leaving her parents, David Galloway and Jenny Galloway, and a brother, David Joseph Galloway.

9.     That at the time of her death, Christi Galloway was 30 years old and had a life expectancy of 51 years according to Life Tables prepared by the U. S. Department of Health and Human Services.

10.     The right to recover for the wrongful death of Christi Galloway is visited in her parents, David Galloway and Jenny Galloway, pursuant to O.C. G. A. 51-4-4, 19-7-1(c)(1), and 19-7-1(c)(2)(A).

WHEREFORE, the Plaintiffs, David Galloway and Jenny Galloway, and each of them, demand judgment against the Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, as follows:

(A)     That plaintiffs, David Galloway and Jenny Galloway, jointly be granted judgment for the full value of the life of Christi Galloway in an amount not less than $75,000.00;

(B)     That plaintiffs, David Galloway and Jenny Galloway, recover costs of this litigation and have such other relief as this Court may deem just and proper.

## COUNT II

**PAIN AND SUFFERING—FUNERAL EXPENSES**
**RAND PHARMACY, INC., f/k/a ROOTS PHARMACY**
**SOLUTIONS, INC., and KYLE ROOTSAERT**

NOW COMES the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, and complaining of the Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, states as follows:

1-9.    Plaintiff realleges and readopts paragraphs 1 through 9 of Count I as and for paragraphs 1 through 9 of Count II, as though fully set forth herein.

10.    Plaintiff, David Galloway, in his capacity of Administrator of the Estate of Christi Galloway, deceased, prays to recover damages for pain and suffering inflicted upon decedent by the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, together with funeral, burial and other expenses incurred.

WHEREFORE, the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, demands judgment against the Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, as follows:

(A)    That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for decedent's pain and suffering in an amount in excess of $75,000.00;

(B)    That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for funeral, burial and other expenses of the estate.

## COUNT III

### GEORGIA RICO – WRONGFUL DEATH
### RAND PHARMACY, INC., f/k/a ROOTS PHARMACY SOLUTIONS, INC., KYLE ROOTSAERT, RUDY BYRON, M.D., and EUROMEDONLINE LIMITED

NOW COME the Plaintiffs, David Galloway, Jenny Galloway, and David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, and

complaining of the Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, state as follows:

1.     Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, from at least 2008 through 2010, delivered, distributed, dispensed, and sold thousands of prescription drugs through at least 200 websites, including Euromedonline.com, to patients throughout the United States.

2.     Defendant, Euromedonline Limited, from at least 2008 through 2010, was the domain owner of Euromedonline.com, a referral and marketing service that provides an online ordering system for prescription drugs in the United States whose website advertises, states and represents "network physicians that are licensed" and "our network of pharmacies only employ licensed U.S. pharmacists to provide you with the same standard of care you would receive at the local pharmacy you may have used in your area."

3.     Defendant, Rudy Byron, M.D., prior to April 2009, entered into an agreement with co-defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, and Euromedonline Limited, to review answers to online questionnaires for monetary compensation that are filled out by patients on one or more of the at least 200 websites, including Euromedonline.com, that co-defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., and Kyle Rootsaert, and each of them, used in delivering, distributing, dispensing, and selling their prescription drugs to patients in the United States, including decedent, Christi Galloway.

4.     Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., from 2008 through 2010, and at all material times herein, never secured a pharmacy

license in the state of Georgia, in violation of Chapter 480-6 of the Rules of Georgia State Board of Pharmacy and O. C. G. A. 26-4-27 and 28.

5.      Defendant, Kyle Rootsaert, from 2008 through 2010, and at all material times herein, never secured a license as a pharmacist in the state of Georgia, in violation of Chapter 480-2 of the Rules of Georgia State Board of Pharmacy and O. C. G. A. 26-4-27 and 28.

6.      That on or about the 24th day of April 2009, the defendant, Rudy Byron, M.D., prescribed 90 tablets of 350 mg Carisoprodol, a/k/a Soma, to the decedent, Christi Galloway, a resident of Georgia.

7.      That on the 24th day of April 2009, and at all material times herein, Carisoprodol was a controlled substance in the state of Georgia, O. C. G. A. 16-13-28.

8.      That on the 24th day of April 2009, and at all material times herein, the defendant, Rudy Byron, M.D., was not a licensed physician or medical doctor in the state of Georgia and was engaging in the unauthorized practice of medicine in the state of Georgia, in violation of O. C. G. A. 43-34-26 and thereby was committing a felony (O. C. G. A. 43-34-42).

9.      That in April and May 2009, and sometime prior thereto, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, and each of them, had entered into an unlawful agreement to knowingly and intentionally with intent to defraud and mislead, represented to patients over the website, Euromedonline.com, including decedent, Christi Galloway, that their "network physicians" and "network of pharmacies" are "fully licensed pharmacies and physicians in your home market."

10.     The decedent, Christi Galloway, on or about April 24, 2009, was relying upon the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited's unlawful and fraudulent misrepresentations and ordered 90 tablets of 350 mg Carisoprodol over the Internet site, www.Euromedonline.com.

11.     The defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, and each of them, engaged in numerous transactions involving a pattern of racketeering activity, set forth below, with similar intents, results and victims in violation of O. C. G. A. 16-14-3(8).

12.     That on or about the 24th day of April 2009, the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, and each of them, distributed, dispensed, prescribed, sold and shipped 90 tablets of 350 mg. Carisoprodol to decedent, Christi Galloway, in the state of Georgia, on the basis of a questionnaire she filled out on Euromedonline Limited's website, Euromedonline.com.

13.     Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, through a pattern of racketeering activity, acquired money from patients, including plaintiff's decedent, in violation of O. C. G. A. 16-14-4(a), (b), and (c).

14.     Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, from 2008 through 2010, committed, attempted to commit, solicited, conspired and coerced others to commit crimes chargeable by indictment in the state of Georgia, in violation of O. C. G. A. 16-

10

14-4 and 16-14-3(9)(A), and thereby engaged in a pattern of racketeering activity in the

following ways:

(a) delivered, distributed, dispensed, and sold a controlled substance, Carisoprodol (O. C. G. A. 16-13-28), in the state of Georgia, in violation of O. C. G. A. 16-13-30(b), thereby committing a felony (O. C. G. A. 16-13-30(h));

(b) delivered, distributed, dispensed, and sold a controlled substance, Carisoprodol (O. C. G. A. 16-13-28), in the state of Georgia without obtaining a registration from the State Board of Pharmacy, in violation of O. C. G. A. 16-13-35 and O. C. G. A. 16-13-41(d), (f) and (g), thereby committing a felony (O. C. G. A. 16-13-42);

(c) knowingly and intentionally used computers, computer networks, emails, wires, websites, and other means of communications in permitting or causing or facilitating a felony under the Georgia Controlled Substances Act (O. C. G. A. 16-13-20 et seq.), in violation of O. C. G. A. 16-13-32.3, thereby committing a felony (O. C. G. A. 16-13-32.3(b));

(d) attempted and conspired to commit offenses defined in Georgia Controlled Substances Act, in violation of O. C. G. A. 16-13-33, thereby committing a felony;

(e) committed the offense of murder when in the commission of one or more of the following felonies caused the death of decedent, Christi Galloway, in violation of O. C. G. A. 16-5-1(c):

(i) prescribed a controlled substance, Carisoprodol, to a patient in Georgia without being licensed to practice medicine in the state of Georgia, in violation of O. C. G. A. 43-34-26, thereby committing a felony (O. C. G. A. 43-34-42);

(ii) delivered, distributed, dispensed and sold a controlled substance, Carisoprodol, to a

11

patient in the state of Georgia, in violation of O. C. G. A. 16-13-30(b), thereby committing a felony (O. C. G. A. 16-13-30(h));

(iii)    knowingly and intentionally used computers, computer networks, emails, wires, websites and other means of communications in permitting or causing or facilitating a felony under the Georgia Controlled Substances Act (O. C. G. A. 16-13-20 et seq.), in violation of O. C. G. A. 16-13-32.3, thereby committing a felony (O. C. G. A. 16-13-32.3(b));

(iv)    delivered, distributed, dispensed and sold a controlled substance, Carisoprodol, in the state of Georgia without obtaining a registration from the State Board of Pharmacy, in violation of O. C. G. A. 16-13-35, thereby committing a felony (O. C. G. A. 16-13-42);

(v)    introduced and delivered with the intent to defraud or mislead into interstate commerce a misbranded prescription drug (no valid prescription), 21 U.S.C. 353(b)(1), in violation of 21 U.S.C. 331(a), (b) and (k), thereby committing a felony (21 U.S.C. 333(a)(2));

(vi)    conspired to introduce and deliver with the intent to defraud or mislead into interstate commerce a misbranded prescription drug (21 U.S.C. 353(b)(1)), in violation of 21 U.S.C. 331(a), (b) and (k), and 21 U.S.C. 333(a)(2), thereby committing a felony, in violation of 18 U.S.C. 371 and O. C. G. A. 16-4-8;

(vii)    conspired in the unauthorized practice of medicine (O. C. G. A. 43-34-26 and 43-34-42) by Rudy Byron, M.D., thereby committing a felony, in violation of O. C. G. A. 16-4-8;

(f)    committed the offense of involuntary manslaughter in the commission of an unlawful act causing the death of decedent, Christi Galloway, without any intention to do so by the commission of an unlawful act other than a felony in the following manner, in violation of O. C. G. A. 16-5-3(a):

(i)    introduced and delivered for introduction into interstate commerce a misbranded drug (no valid prescription), 21 U.S.C. 353(b)(1), in violation of 21 U.S.C. 331(a), (b) and (k) thereby committing a misdemeanor (21 U.S.C. 333(a)(1)).

15.     That by virtue of the aforesaid pattern of racketeering activity by the defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, and each of them, they were engaged in an enterprise within the meaning of O. C. G. A. 16-14-3(6) and 16-14-4.

16.     That the aforesaid pattern of racketeering activity by the enterprise defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited were not committed as an occasional practice, but were part of a systematic and ongoing pattern operated for pecuniary gain by fraud and misrepresentation with funds converted from patients acquired by defendants.

17.     That the plaintiff's decedent, Christi Galloway, relied upon the fraud and misrepresentations contained on the websites, including Euromedonline.com, regarding the prescription drug, Carisoprodol, and the assurances that said prescriptions complied with the law and that the physician was licensed to practice in her area of residence, Georgia.

18.     That as a direct and proximate result of the aforesaid pattern of racketeering activity engaged in by the enterprise defendants, Rand Pharmacy, Inc., f/k/a

Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, the plaintiff's decedent, Christi Galloway, was shipped a controlled substance, Carisoprodol, that proximately contributed to cause her death from multiple drug toxicity on May 18, 2009.

19.     That at the time of her death, Christi Galloway was 30 years old and had a life expectancy of 51 years according to Life Tables prepared by the U. S. Department of Health and Human Services.

20.     That at the time of her death, Christi Galloway died intestate leaving her parents, David Galloway and Jenny Galloway, and a brother, David Joseph Galloway.

21.     Plaintiffs, David Galloway and Jenny Galloway, sustained actual damages due to the wrongful death of Christi Galloway pursuant to O. C. G. A. 51-4-4, 19-7(c)(1), and 19-7-1(c)(2)A, and David Galloway, as Administrator of the Estate of  Christi Galloway, sustained damages for pain and suffering inflicted on decedent, together with funeral, burial and other expenses, and these compromise the actual damages pursuant to O. C. G. A. 16-14-6(c).

WHEREFORE, the Plaintiffs, David Galloway, Jenny Galloway, and David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, demand judgment against the Defendants, Rand Pharmacy, Inc., f/k/a Roots Pharmacy Solutions, Inc., Kyle Rootsaert, Rudy Byron, M.D., and Euromedonline Limited, and each of them, as follows:

A.      That plaintiffs, David Galloway and Jenny Galloway, jointly recover damages for the wrongful death of the decedent in an amount three times the actual damages sustained pursuant to O. C. G. A. 16-14-6(c);

B.     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover three times the actual damages sustained, pursuant to O. C. G. A. 16-14-6(c);

C.     That plaintiffs, David Galloway and Jenny Galloway, jointly recover damages for attorneys' fees and costs of investigation and litigation reasonably incurred, pursuant to O. C. G. A. 16-14-6(c);

D.     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for attorneys' fees and costs of investigation and litigation reasonably incurred, pursuant to O. C. G. A. 16-14-6(c);

E.     That plaintiffs, David Galloway and Jenny Galloway, jointly recover punitive damages pursuant to O. C. G. A. 16-14-6(c); and

F.     That David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover punitive damages pursuant to O. C. G. A. 16-14-6(c).

## <u>COUNT IV</u>

**PROFESSIONAL MALPRACTICE – WRONGFUL DEATH**
**<u>BETA PROPERTY ENTERPRISES, INC., d/b/a KRESGE-LEBAR PHARMACY</u>**

NOW COME the Plaintiffs, David Galloway and Jenny Galloway, and complaining of the Defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, state as follows:

1.     That in March, April and May 2009, and prior thereto, and at all material times herein, the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar

Pharmacy, owned and operated a pharmacy that filled prescriptions and dispensed prescription drugs from a facility located at 425 Main Street, Stroudsburg, Pennsylvania.

2.      That on the 3rd day of March 2009 and the 6th day of April 2009, the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, filled prescriptions for 150 tablets of 350 mg Carisoprodol issued by co-defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, to the decedent, Christi Galloway.

3.      That on or about the 3rd day of March 2009 and the 6th day of April 2009, the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, shipped the aforesaid Carisoprodol, a Georgia controlled substance (O. C. G. A. 16-13-28), to the decedent, Christi Galloway, in the state of Georgia.

4.      That at all relevant times herein, the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, had a duty to exercise due care and caution in dispensing prescription drugs to the patient, Christi Galloway, consistent with accepted pharmacy standards.

5.      This action is one for wrongful death in which the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, has failed to exercise that degree and standard of care exercised by its profession which has caused injury and death to the decedent for want of such care and skill.  As required by O. C. G. A. 9-11-9.1, attached hereto as Exhibit B is an affidavit which sets forth at least one negligent act or omission claimed to exist and the factual basis for such.

6.      That on and shortly before the 3rd day of March 2009 and the 6th day of April 2009, the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy,

by and through its duly authorized agents, servants and employees, was guilty of one or more of the following negligent acts and/or omissions:

(a)    dispensed and shipped Carisoprodol to plaintiff's decedent in Georgia, despite being neither registered nor licensed in the state of Georgia, in violation of National Association or Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(b)    dispensed and shipped Carisoprodol to plaintiff's decedent in Georgia based solely on an online prescription issued by co-defendant, Rudy Byron, M.D., who is neither licensed in Georgia nor has had a face-to-face physical examination of the patient, Christi Galloway, in violation of National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(c)    dispensed and shipped Carisoprodol to plaintiff's decedent in Georgia without receipt of a valid prescription, in violation of National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(d)    dispensed and shipped Carisoprodol to plaintiff's decedent in Georgia despite failing to be registered or licensed in Georgia in violation of National Association of Boards of Pharmacy Patient Safety and Pharmacy Practice Standards;

(e)    dispensed and shipped Carisoprodol to plaintiff's decedent in Georgia when they knew it was not pursuant to a valid prescription, in violation of 21 U.S.C. 331 (a), (b) and (k) and 353 (b)(1);

(f)    failed to verify that the physician issuing the prescription to the patient in Georgia was licensed in Georgia.

7.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, Beta Property Enterprises, Inc., d/b/a

Kresge-Lebar Pharmacy, the decedent, Christi Galloway, consumed Carisoprodol that proximately contributed to cause her death from multiple drug toxicity on May 18, 2009.

8.     That at the time of her death, Christi Galloway was 30 years old and had a life expectancy of 51 years according to Life Tables prepared by the U. S. Department of Health and Human Services.

9.     The right to recover for the wrongful death of Christi Galloway is visited in her parents, David Galloway and Jenny Galloway, pursuant to O.C. G. A. 51-4-4, 19-7-1(c)(1), and 19-7-1(c)(2)(A).

WHEREFORE, the Plaintiffs, David Galloway and Jenny Galloway, and each of them, demand judgment against the Defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, as follows:

(A)     That plaintiffs, David Galloway and Jenny Galloway, jointly be granted judgment for the full value of the life of Christi Galloway in an amount not less than $75,000.00;

(B)     That plaintiffs, David Galloway and Jenny Galloway, recover costs of this litigation and have such other relief as this Court may deem just and proper.

## COUNT V

**PAIN AND SUFFERING—FUNERAL EXPENSES**
**BETA PROPERTY ENTERPRISES, INC., d/b/a KRESGE-LEBAR PHARMACY**

NOW COMES the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, and complaining of the Defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, states as follows:

1-8.    Plaintiff realleges and readopts paragraphs 1 through 8 of Count IV as and for paragraphs 1 through 8 of Count V, as though fully set forth herein.

9.    Plaintiff, David Galloway, in his capacity of Administrator of the Estate of Christi Galloway, deceased, prays to recover damages for pain and suffering inflicted upon decedent by the defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, together with funeral, burial and other expenses incurred.

WHEREFORE, the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, demands judgment against the Defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, as follows:

(A)    That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for decedent's pain and suffering in an amount in excess of $75,000.00;

(B)    That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for funeral, burial and other expenses of the estate.

## COUNT VI

**GEORGIA RICO – WRONGFUL DEATH**
**BETA PROPERTY ENTERPRISES, INC., d/b/a KRESGE-LEBAR PHARMACY,**
**MANAMA INTERNATIONAL LIMITED, ELIAS KARKALAS, M.D.,**
**UPPER MERION FAMILY PRACTICE, P.C., AND NEXTDAYSOMA.COM**

NOW COME the Plaintiffs, David Galloway, Jenny Galloway, and David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, and complaining of the Defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, states as follows:

1.     Defendant, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, from at least 2008 through 2010, delivered, distributed, dispensed, and sold numerous prescription drugs through various websites, including NextDaySoma.com, to patients throughout the United States.

2.     Defendant, Manama International Limited, from at least 2008 through 2010, was the registrant and domain owner of NextDaySoma.com, and provided billing services for co-defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com in connection with their activities of prescribing, delivering, distributing, dispensing, selling, and shipping Carisoprodol to patients in the United States, including decedent, Christi Galloway.

3.     Defendant, NextDaySoma.com, according to its website is a "U.S. based company with board certified doctors and pharmacies who provide you professional advice and F.D.A. approved medications."

4.     Defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., entered into an agreement with co-defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, NextDaySoma.com (a self-described U.S. based company), and unknown parties to review answers to online questionnaires for monetary compensation that are filled out by patients on various websites, including NextDaySoma.com, that co-defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, used in prescribing,

delivering, distributing, dispensing, selling, and shipping their prescription drugs to patients in the United States, including decedent, Christi Galloway.

5.      Defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, and NextDaySoma.com, from 2008 through 2010, and at all material times herein, never secured a pharmacy license in the state of Georgia, in violation of Chapter 480-6 of the Rules of Georgia State Board of Pharmacy and O. C. G. A. 26-4-27 and 28.

6.      That on the 3rd day of March 2009 and on the 6th day of April 2009, the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., prescribed 150 tablets of 350 mg Carisoprodol, a/k/a Soma, to the decedent, Christi Galloway, a resident of Georgia.

7.      That in March, April and May 2009, and at all material times herein, Carisoprodol was a controlled substance in the state of Georgia, O. C. G. A. 16-13-28.

8.      That on the 3rd day of March 2009 and on the 6th day of April 2009, and at all material times herein, the defendant, Elias Karkalas, M.D., was not a licensed physician or medical doctor in the state of Georgia and was engaging in the unauthorized practice of medicine in the state of Georgia, in violation of O. C. G. A. 43-34-26 and thereby was committing a felony (O. C. G. A. 43-34-42).

9.      That in March, April and May, 2009, and sometime prior thereto, the defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., NextDaySoma.com, and unknown owners and operators of NextDaySoma.com, and each of them, had entered into an unlawful agreement to knowingly and intentionally with

21

intent to defraud and mislead, represented to patients over the website, NextDaySoma.com, including decedent, Christi Galloway, that: "NextDaySoma.com online drug pharmacy offers F.D.A. approved prescription 350 mg Soma-Carisoprodol," and further represented that: "Medications on our website do not require a physical examination."

10.     The decedent, Christi Galloway, on or about March 3, 2009 and April 6, 2009, was relying upon the defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com's unlawful and fraudulent misrepresentations and ordered 150 tablets of 350 mg Carisoprodol over the Internet site, www.NextDaySoma.com.

11.     The defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, and each of them, engaged in numerous transactions involving a pattern of racketeering activity, set forth below, with similar intents, results and victims in violation of O. C. G. A. 16-14-3(8).

12.     That on or about March 3, 2009 and April 6, 2009, the defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, and each of them, distributed, dispensed, prescribed, sold and shipped 150 tablets of 350 mg. Carisoprodol to decedent, Christi Galloway, in the state of Georgia, on the basis of a questionnaire she filled out on the website www.NextDaySoma.com.

13.     Defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, through a pattern of racketeering activity, acquired money from patients, including plaintiff's decedent, in violation of O. C. G. A. 16-14-4(a), (b), and (c).

14.     Defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, from 2008 through 2010, committed, attempted to commit, solicited, conspired and coerced others to commit crimes chargeable by indictment in the state of Georgia, in violation of O. C. G. A. 16-14-4 and 16-14-3(9)(A), and thereby engaged in a pattern of racketeering activity in the following ways:

(a)     delivered, distributed, dispensed, and sold a controlled substance, Carisoprodol (O. C. G. A. 16-13-28), in the state of Georgia, in violation of O. C. G. A. 16-13-30(b), thereby committing a felony (O. C. G. A. 16-13-30(h));

(b)     delivered, distributed, dispensed, and sold a controlled substance, Carisoprodol (O. C. G. A. 16-13-28), in the state of Georgia without obtaining a registration from the State Board of Pharmacy, in violation of O. C. G. A. 16-13-35 and O. C. G. A. 16-13-41(d), (f) and (g), thereby committing a felony (O. C. G. A. 16-13-42);

(c)     knowingly and intentionally used computers, computer networks, emails, wires, websites, and other means of communications in permitting or causing or facilitating a felony under the Georgia Controlled Substances Act (O. C. G. A. 16-13-20 et seq.), in violation of O. C. G. A. 16-13-32.3, thereby committing a felony (O. C. G. A. 16-13-32.3(b));

(d)     attempted and conspired to commit offenses defined in Georgia Controlled Substances Act, in violation of O. C. G. A. 16-13-33, thereby committing a felony;

(e)     committed the offense of murder when in the commission of one or more of the following felonies caused the death of decedent, Christi Galloway, in violation of O. C. G. A. 16-5-1(c):

     (i)     prescribed a controlled substance, Carisoprodol, to a patient in Georgia without being licensed to practice medicine in the state of Georgia, in violation of O. C. G. A. 43-34-26, thereby committing a felony (O. C. G. A. 43-34-42);

     (ii)     delivered, distributed, dispensed and sold a controlled substance, Carisoprodol, to a patient in the state of Georgia, in violation of O. C. G. A. 16-13-30(b), thereby committing a felony (O. C. G. A. 16-13-30(h));

     (iii)     knowingly and intentionally used computers, computer networks, emails, wires, websites and other means of communications in permitting or causing or facilitating a felony under the Georgia Controlled Substances Act (O. C. G. A. 16-13-20 et seq.), in violation of O. C. G. A. 16-13-32.3, thereby committing a felony (O. C. G. A. 16-13-32.3(b));

     (iv)     delivered, distributed, dispensed and sold a controlled substance, Carisoprodol, in the state of Georgia without obtaining a registration from the State Board of Pharmacy, in violation of O. C. G. A. 16-13-35, thereby committing a felony (O. C. G. A. 16-13-42);

     (v)     introduced and delivered with the intent to defraud or mislead into interstate commerce a misbranded prescription drug (no valid prescription), 21 U.S.C. 353(b)(1), in

24

violation of 21 U.S.C. 331(a), (b) and (k), thereby committing a felony (21 U.S.C. 333(a)(2));

(vi) conspired to introduce and deliver with the intent to defraud or mislead into interstate commerce a misbranded prescription drug (21 U.S.C. 353(b)(1)), in violation of 21 U.S.C. 331(a), (b) and (k) and 21 U.S.C. 333(a)(2), thereby committing a felony, in violation of 18 U.S.C. 371 and O. C. G. A. 16-4-8;

(vii) conspired in the unauthorized practice of medicine (O. C. G. A. 43-34-26 and 43-34-42) by Elias Karkalas, M.D., thereby committing a felony, in violation of O. C. G. A. 16-4-8;

(f) committed the offense of involuntary manslaughter in the commission of an unlawful act causing the death of decedent, Christi Galloway, without any intention to do so by the commission of an unlawful act other than a felony in the following manner, in violation of O. C. G. A. 16-5-3(a):

(i) introduced and delivered for introduction into interstate commerce a misbranded drug (no valid prescription), 21 U.S.C. 353(b)(1), in violation of 21 U.S.C. 331(a) thereby committing a misdemeanor (21 U.S.C. 333(a)(1)).

15. That by virtue of the aforesaid pattern of racketeering activity by the defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, and each of them, they were engaged in an enterprise within the meaning of O. C. G. A. 16-14-3(6) and 16-14-4.

16. That the aforesaid pattern of racketeering activity by the enterprise defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama

International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, were not committed as an occasional practice, but were part of a systematic and ongoing pattern operated for pecuniary gain by fraud and misrepresentation with funds converted from patients acquired by defendants.

17.     That the plaintiff's decedent, Christi Galloway, relied upon the fraud and misrepresentations contained on the websites, including NextDaySoma.com, regarding the prescription drug, Carisoprodol, and the assurances that said prescriptions complied with the law and that the physicians were licensed to practice in her area of residence, Georgia, and that the prescriptions could be distributed without a physical examination.

18.     That as a direct and proximate result of the aforesaid pattern of racketeering activity engaged in by the enterprise defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, the plaintiff's decedent, Christi Galloway, was shipped a controlled substance, Carisoprodol, that proximately contributed to cause her death from multiple drug toxicity on May 18, 2009.

19.     That at the time of her death, Christi Galloway was 30 years old and had a life expectancy of 51 years according to Life Tables prepared by the U. S. Department of Health and Human Services.

20.     That at the time of her death, Christi Galloway died intestate leaving her parents, David Galloway and Jenny Galloway, and a brother, David Joseph Galloway.

21.     Plaintiffs, David Galloway and Jenny Galloway, sustained actual damages due to the wrongful death of Christi Galloway pursuant to O. C. G. A. 51-4-4, 19-7(c)(1), and 19-7-1(c)(2)A, and David Galloway, as Administrator of the Estate of Christi

Galloway, sustained damages for pain and suffering inflicted on decedent, together with funeral, burial and other expenses, and these compromise the actual damages pursuant to O. C. G. A. 16-14-6(c).

WHEREFORE, the Plaintiffs, David Galloway, Jenny Galloway, and David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, demand judgment against the Defendants, Beta Property Enterprises, Inc., d/b/a Kresge-Lebar Pharmacy, Manama International Limited, Elias Karkalas, M.D., Upper Merion Family Practice, P.C., and NextDaySoma.com, and each of them, as follows:

     A.     That plaintiffs, David Galloway and Jenny Galloway, jointly recover damages for the wrongful death of the decedent in an amount three times the actual damages sustained pursuant to O. C. G. A. 16-14-6(c);

     B.     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover three times the actual damages sustained, pursuant to O. C. G. A. 16-14-6(c);

     C.     That plaintiffs, David Galloway and Jenny Galloway, jointly recover damages for attorneys' fees and costs of investigation and litigation reasonably incurred, pursuant to O. C. G. A. 16-14-6(c);

     D.     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for attorneys' fees and costs of investigation and litigation reasonably incurred, pursuant to O. C. G. A. 16-14-6(c);

     E.     That plaintiffs, David Galloway and Jenny Galloway, jointly recover punitive damages pursuant to O. C. G. A. 16-14-6(c); and

F.      That David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover punitive damages pursuant to O. C. G. A. 16-14-6(c).

## COUNT VII

### MEDICAL MALPRACTICE—WRONGFUL DEATH
### RUDY BYRON, M.D.

NOW COME the Plaintiffs, David Galloway and Jenny Galloway, and complaining of the Defendant, Rudy Byron, M.D., state as follows:

1.      That on the 18th day of May 2009, and prior thereto and at all material times herein, the defendant, Rudy Byron, M.D., was a medical doctor licensed by the state of Wisconsin and the state of Illinois.

2.      That in April and May of 2009, the decedent, Christi Galloway, came under the care and treatment of the defendant, Rudy Byron, M.D.

3.      That on or about the 24th day of April 2009, the defendant, Rudy Byron, M.D., prescribed 90 tablets of 350 mg Carisoprodol, a/k/a Soma, to the decedent, Christi Galloway.

4.      The defendant, Rudy Byron, M.D., based solely on the online questionnaire filled out by decedent, Christi Galloway, on the website, Euromedonline.com, issued the aforesaid prescription for Carisoprodol, a Georgia controlled substance.

5.      As a result of the prescription issued by defendant, Rudy Byron, M.D., 90 tablets of 350 mg Carisoprodol, a Georgia controlled substance (O. C. G. A. 16-13-28), was shipped to Christi Galloway, in the state of Georgia, on April 24, 2009.

6.      That at all relevant times herein, the defendant, Rudy Byron, M.D., had a duty to exercise due care and caution in the treatment of his patient, Christi Galloway, consistent with accepted medical standards.

7.      That the defendant, Rudy Byron, M.D., prior to prescribing 90 tablets of 350 mg  Carisoprodol, a/k/a Soma, had never seen nor performed a physical examination of the decedent, Christi Galloway.

8.      This action is one for wrongful death in which the defendant, Rudy Byron, M.D., has failed to exercise that degree and standard of care exercised by his profession, which has caused injury and death to the decedent from want of such care and skill.  As required by O. C. G. A. 9-11-9.1, attached hereto as Exhibit A is an Affidavit which sets forth at least one negligent act or omission claimed to exist and the factual basis for such.

9.      That on or shortly before the 24th day of April 2009, the defendant, Rudy Byron, M.D., deviated from the accepted standard of medical care and was guilty of one or more of the following negligent acts and/or omissions:

        (a)     failed to perform a physical examination prior to prescribing Carisoprodol to a patient he had never seen before, the decedent, Christi Galloway;

        (b)     issued a prescription for 90 tablets of 350 mg Carisoprodol to decedent based solely on an online questionnaire, in violation of the guidelines of the Federation of State Medical Boards of the United States;

        (c)     failed to obtain a documented patient evaluation of decedent, Christi Galloway, including a history and physical evaluation adequate to identify contra-indications prior to prescribing her 90 tablets of 350 mg Carisoprodol;

        (d)     failed to obtain a license to practice medicine in Georgia prior to prescribing Carisoprodol to the

decedent in Georgia, in violation of the American Medical Association Guidelines for Physicians on Internet Prescribing H-120.949.

10.     That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, Rudy Byron, M.D., the decedent, Christi Galloway, consumed Carisoprodol that proximately contributed to cause her death from multiple drug toxicity on May 18, 2009.

11.     That at the time of her death, Christi Galloway died intestate leaving her parents, David Galloway and Jenny Galloway, and a brother, David Joseph Galloway.

12.     At the time of her death, Christi Galloway was 30 years old and had a reasonable life expectancy of 51 years according to Life Tables prepared by the U. S. Department of Health and Human Services.

13.     The right to recover for the wrongful death of Christi Galloway is vested in her parents, David Galloway and Jenny Galloway, pursuant to O. C. G. A. 51-4-4, 19-7-1(c)(1), and 19-7-1(c)(2)(A).

WHEREFORE, the Plaintiffs, David Galloway and Jenny Galloway, and each of them, demand judgment against the Defendant, Rudy Byron, M.D., as follows:

(A)     That plaintiffs, David Galloway and Jenny Galloway, jointly be granted judgment for the full value of the life of Christi Galloway in an amount not less than $75,000.00;

(B)     That plaintiffs, David Galloway and Jenny Galloway, jointly recover costs of this litigation and have such other relief as this Court may deem just and proper.

## COUNT VIII

**PAIN AND SUFFERING—FUNERAL EXPENSES**
**RUDY BYRON, M.D.**

NOW COMES the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, and complaining of the Defendant, Rudy Byron, M.D., states as follows:

1-12.   Plaintiff realleges and readopts paragraphs 1 through 12 of Count VII as and for paragraphs 1 through 12 of Count VIII, as though fully set forth herein.

13.     Plaintiff, David Galloway, in his capacity of Administrator of the Estate of Christi Galloway, deceased, prays to recover damages for pain and suffering inflicted upon decedent by the defendant, Rudy Byron, M.D., together with funeral, burial and other expenses incurred.

WHEREFORE, the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, demands judgment against the Defendant, Rudy Byron, M.D., as follows:

(A)     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for decedent's pain and suffering in an amount in excess of $75,000.00;

(B)     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for funeral, burial and other expenses of the estate.

31

## COUNT IX

**MEDICAL MALPRACTICE—WRONGFUL DEATH**
**ELIAS KARKALAS, M.D. and UPPER MERION FAMILY PRACTICE, P.C.**

NOW COME the Plaintiffs, David Galloway and Jenny Galloway, and complaining of the Defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., state as follows:

1.      That on the 18th day of May 2009, and prior thereto and at all material times herein, the defendant, Elias Karkalas, M.D., was a medical doctor licensed by the state of Pennsylvania.

2.      That in March, April and May of 2009, and prior thereto and at all material times herein, the defendant, Elias Karkalas, M.D., was an agent, employee and shareholder of Upper Merion Family Practice, P.C.

3.      That in March, April and May of 2009, and prior thereto and at all materials times herein, the defendant, Elias Karkalas, M.D., was acting within the scope of his employment with Upper Merion Family Practice, P.C. in providing medical care to the decedent, Christi Galloway.

4.      That in March, April and May of 2009, the decedent, Christi Galloway, came under the care and treatment of the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them.

5.      That on the 3rd day of March and the 6th day of April of 2009, the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., prescribed 150 tablets of Carisoprodol, a/k/a Soma, to the decedent, Christi Galloway.

6.      The defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., based solely on the online questionnaire filled out by decedent, Christi Galloway,

on the website, NextDaySoma.com, issued the prescription for Carisoprodol, a Georgia controlled substance.

7.     As a result of the prescription issued by defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., 150 tablets of 350 mg Carisoprodol, a Georgia controlled substance (O. C. G. A. 16-13-28), was shipped to Christi Galloway, in the state of Georgia, on March 3, 2009 and on April 6, 2009.

8.     That at all relevant times herein, the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, had a duty to exercise due care and caution in the treatment of their patient, Christi Galloway, consistent with accepted medical standards.

9.     That the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, prior to prescribing 150 tablets of 350 mg Carisoprodol, a/k/a Soma, had never seen nor performed a physical examination of the decedent.

10.     This action is one for wrongful death in which the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, have failed to exercise that degree and standard of care exercised by their profession, which has caused injury and death to the decedent from want of such care and skill.  As required by O. C. G. A. 9-11-9.1, attached hereto as Exhibit A is an Affidavit which sets forth at least one negligent act or omission claimed to exist and the factual basis for such.

11.     That in March and April of 2009, the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, deviated from the accepted standard of medical care and were guilty of one or more of the following negligent acts and/or omissions:

33

(a)    failed to perform a physical examination prior to prescribing Carisoprodol to a patient they had never seen before, the decedent, Christi Galloway;

(b)    issued a prescription for 150 tablets of 350 mg Carisoprodol to decedent based solely on an online questionnaire, in violation of the guidelines of the Federation of State Medical Boards of the United States;

(c)    failed to obtain a documented patient evaluation of decedent, Christi Galloway, including a history and physical evaluation adequate to identify contra-indications prior to prescribing her 150 tablets of 350 mg Carisoprodol;

(d)    failed to obtain a license to practice medicine in Georgia prior to prescribing Carisoprodol to the decedent in Georgia, in violation of the American Medical Association Guidelines for Physicians on Internet Prescribing H-120.949.

12.    That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, the decedent, Christi Galloway, consumed Carisoprodol that proximately contributed to cause her death from multiple drug toxicity on May 18, 2009.

13.    That at the time of her death, Christi Galloway died intestate leaving her parents, David Galloway and Jenny Galloway, and a brother, David Joseph Galloway.

14.    At the time of her death, Christi Galloway was 30 years old and had a reasonable life expectancy of 51 years according to Life Tables prepared by the U. S. Department of Health and Human Services.

15.     The right to recover for the wrongful death of Christi Galloway is vested in her parents, David Galloway and Jenny Galloway, pursuant to O. C. G. A. 51-4-4, 19-7-1(c)(1), and 19-7-1(c)(2)(A).

WHEREFORE, the Plaintiffs, David Galloway and Jenny Galloway, and each of them, demand judgment against the Defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, as follows:

(A)     That plaintiffs, David Galloway and Jenny Galloway, jointly be granted judgment for the full value of the life of Christi Galloway in an amount not less than $75,000.00;

(B)     That plaintiffs, David Galloway and Jenny Galloway, recover costs of this litigation and have such other relief as this Court may deem just and proper.

## COUNT X

### PAIN AND SUFFERING—FUNERAL EXPENSES
### ELIAS KARKALAS, M.D. and UPPER MERION FAMILY PRACTICE, P.C.

NOW COMES the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, and complaining of the Defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, states as follows:

1-14.   Plaintiff realleges and readopts paragraphs 1 through 14 of Count IX as and for paragraphs 1 through 14 of Count X, as though fully set forth herein.

15.     Plaintiff, David Galloway, in his capacity of Administrator of the Estate of Christi Galloway, deceased, prays to recover damages for pain and suffering inflicted upon decedent by the defendants, Elias Karkalas, M.D. and Upper Merion Family

Practice, P.C., and each of them, together with funeral, burial and other expenses incurred.

WHEREFORE, the Plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, Deceased, demands judgment against the Defendants, Elias Karkalas, M.D. and Upper Merion Family Practice, P.C., and each of them, as follows:

(A)     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for decedent's pain and suffering in an amount in excess of $75,000.00;

(B)     That plaintiff, David Galloway, as Administrator of the Estate of Christi Galloway, deceased, recover damages for funeral, burial and other expenses of the estate.


/s/ Edmund J. Scanlan_____
Attorney for Plaintiffs, David Galloway,
Jenny Galloway, and David Galloway, as
Administrator of the Estate of
Christi Galloway, Deceased


Edmund J. Scanlan
Attorney for Plaintiffs
8 South Michigan Avenue, Suite 2700
Chicago, Illinois  60603
Telephone:  (312) 422-0343
Facsimile:   (312) 422-0358
ARDC #:     2466643